PRESENT:  All the Justices

PINNACLE FLOORING SOLUTIONS, LLC

                                                   OPINION BY

v.  Record No. 250618                        JUSTICE JUNIUS P. FULTON, III
                                                    JULY 30, 2026

PREMIER HOMES GROUP, LLC

FROM THE COURT OF APPEALS OF VIRGINIA

After winning at trial on its counterclaim, Premier Homes Group, LLC ("Premier") sought to recover its attorney fees from Pinnacle Flooring Solutions, LLC ("Pinnacle").  The trial court denied Premier's request for attorney fees, finding that Premier had not sufficiently identified the basis for its request in its counterclaim as required by Rule 3:25(b)[1] of the Rules of this Court.  The Court of Appeals reversed that judgment concluding that, while Premier's counterclaim did not explicitly state the basis for its request, Pinnacle was appropriately on notice of the basis, satisfying Rule 3:25(b).  Finding that Premier failed to comply with Rule 3:25(b), we reverse the judgment of the Court of Appeals.

## I.  BACKGROUND

Pinnacle was subcontracted by Premier to provide labor and materials and install flooring in three homes Premier was constructing.  The three subcontracts are nearly identical, each containing a clause in Section 8(b) providing that should Pinnacle default and fail to correct the default after appropriate notice, Premier may "take whatever steps it deems necessary or appropriate to correct any deficiencies at the cost of [Pinnacle], which will be liable for that cost plus Premier's reasonable overhead, profit, and attorney fees."

Pinnacle filed a complaint against Premier alleging that while it fully performed its obligations under the three subcontracts, which were attached as exhibits in paragraphs 3, 8, and

---

[1] Briefly, Rule 3:25(b) requires that a party seeking attorney fees must "demand them" in the appropriate pleading and "identify the basis upon which the party relies."

13 of the complaint, Premier breached its obligations under the subcontracts by failing to pay. Premier counterclaimed, alleging that it was Pinnacle who breached the subcontracts because Pinnacle's work was "visibly defective, poor construction, incomplete and below industry standards." Premier's counterclaim incorporated paragraphs 3, 8, and 13 of Pinnacle's complaint and requested that the trial court "award it those attorney's fees incurred by it in prosecuting this matter."

Pinnacle filed an answer to Premier's counterclaim, arguing that the counterclaim failed to state a basis for an award of attorney fees as required by Rule 3:25(b); Pinnacle also filed a motion to strike Premier's claim for attorney fees on the same basis. The parties agreed to bifurcate the attorney fees issue and subsequently went to trial on the underlying claims. Ultimately, judgment on the issue of breach of contract was granted in favor of Premier on its counterclaim.

In advance of the later hearing on the issue of attorney fees, both parties filed memoranda in support of their positions. Importantly, attached to Premier's memorandum were two email threads detailing discussions regarding attorney fees that the parties had prior to the bifurcation. In the first email thread, Premier's counsel informed Pinnacle's counsel that "Premier's request for attorney's fees arises from the Contract attached to your Complaint, namely, paragraph 8(b)." Premier's counsel continued by stating, "[w]e can certainly craft an order to incorporate the clause or amend the counterclaim, I leave it in your court." Pinnacle's counsel did not respond. In the second email thread, Premier's counsel again informed Pinnacle's counsel that, "[P]remier bases its claim for attorney's fees on the language included in Section 8(b) of each subcontract agreement," and that, "Premier intends to proceed with its claim for attorney's fees and requests Pinnacle's consent to bifurcate the fees issue until after liability and damages have been determined." Pinnacle's counsel responded to this email, but only to agree to bifurcate the issue

of attorney fees; Pinnacle's counsel made no comment about the basis of the attorney fees request.

At the hearing on attorney fees, Premier conceded that its counterclaim did not "specify in isolation the basis for the attorney's fees." Premier argued, however, that Rule 3:25(b) was sufficiently satisfied because the counterclaim "does reference the paragraphs in [Pinnacle's] complaint which incorporate[] the contracts," and because Pinnacle's counsel had been informed in the two email threads that Section 8(b) of the subcontracts was the basis of the request. Ultimately, the trial court denied Premier's request for attorney fees, finding that Premier failed to comply with Rule 3:25(b).

Premier appealed, and a three-judge panel of the Court of Appeals reversed the trial court. *Premier Homes Group, LLC v. Pinnacle Flooring Solutions, LLC*, Record No. 2201-23-4, 2025 Va. App. LEXIS 328 (June 10, 2025) (unpublished). The Court of Appeals determined that "Premier satisfies the first sentence of Rule 3:25(b) by stating a claim for attorney fees in its counterclaim and satisfies the second sentence of Rule 3:25(b) by attaching the contract as the basis for claiming fees, which put Pinnacle on notice as to the basis of Premier's request for attorney fees." *Id.* at *9. Therefore, the Court of Appeals concluded that "the trial court erred in denying Premier's request for attorney fees under Rule 3:25(b), as Premier noted the basis for its request in the contract attached to its counterclaim." *Id.* at *1-2. Pinnacle appeals from that judgment.

## II. ANALYSIS

"We review questions of law de novo." *Graham v. Community Mgmt. Corp.*, 294 Va. 222, 226 (2017) (quoting *Amin v. County of Henrico*, 286 Va. 231, 235 (2013)). "A lower court's interpretation of the Rules of this Court, like its interpretation of a statute, presents a question of law that we review de novo." *Id.*

In assessing whether Premier properly complied with Rule 3:25(b), we begin by looking at the rule in its entirety:

> (a) *Scope of Rule.* — This rule applies to claims for attorney fees, excluding (i) attorney fees under § 8.01-271.1 of the Code of Virginia, and (ii) attorney fees in domestic relations cases.
>
> (b) *Demand.* — A party seeking to recover attorney fees must demand them in the complaint filed pursuant to Rule 3:2, in a counterclaim filed pursuant to Rule 3:9, in a cross-claim filed pursuant to Rule 3:10, in a third-party pleading filed pursuant to Rule 3:13, or in a responsive pleading filed pursuant to Rule 3:8. The demand must identify the basis upon which the party relies in requesting attorney fees.
>
> (c) *Waiver.* — The failure of a party to file a demand as required by this rule constitutes a waiver by the party of the claim for attorney fees, unless leave to file an amended pleading seeking attorney fees is granted under Rule 1:8.
>
> (d) *Procedure.* — Upon the motion of any party, the court must, or upon its own motion, the court may, in advance of trial, establish a procedure to adjudicate any claim for attorney fees.

We have previously noted that "[t]he language of Rule 3:25 is plain." *Graham*, 294 Va. at 226. In this instance, Subsection (b) required Premier to not only make a demand for attorney fees in its counterclaim, but to affirmatively identify the basis upon which that demand rests. Because "[i]t is well established that Virginia follows the 'American Rule'" regarding any potential recovery of attorney fees, Premier necessarily needed to identify either a "contractual or statutory provision" that permits recovery. *St. John v. Thompson*, 299 Va. 431, 434 (2021) (quoting *Chacey v. Garvey*, 291 Va. 1, 8 (2015)). Applying the plain meaning of the language of this rule, if Premier failed to do so, it waived its right to recover attorney fees pursuant to Subsection (c), unless it moved to amend under Rule 1:8.

Premier ultimately did neither. Premier's counterclaim simply requested that the trial court "award it those attorney's fees incurred by it in prosecuting this matter." Rule 3:25(b) specifically requires that the *demand* for fee recovery identify the basis of the request, and Premier's demand does not affirmatively identify a statutory basis for recovery, nor does it

4

affirmatively identify a contractual basis.  In fact, not only does Premier's demand fail to identify Subsection 8(b) of the subcontracts as the potential avenue for recovery of fees, it fails to even specify, let alone mention, the subcontracts.  Therefore, the trial court was justified in denying Premier's request for attorney fees based on noncompliance with Rule 3:25(b), and the Court of Appeals erred in reversing that judgment.

In reaching this conclusion, we find it necessary to clarify three particular aspects of this appeal.  First, it is important to reiterate that while Rule 3:25 does serve to provide notice to an opposing party of the basis for a request for attorney fees, Rule 3:25 is ultimately a pleading requirement, not a notice requirement.  As we have previously stated, Rule 3:25's requirement that a party plead the basis for a request for attorney fees is "consistent with the fundamental tenets of Virginia practice that no litigant may recover on a right not pled."  *Graham*, 294 Va. at 229.  This requirement also serves important functions such as allowing trial courts to implement powers granted to them under Subsection (d), effectuating efficient judicial management of proceedings, avoiding potential claim duplication, and preserving jury trial rights on attorney fee claims, among others.  *Id.* at 231-32.  Interpreting Rule 3:25 to only require notice to an opposing party of the basis for a request for attorney fees would not only defeat these important functions, but would contradict the plain language of the rule.

Second, Premier's incorporation by reference of the subcontracts into its counterclaim was insufficient, on its own, to satisfy Rule 3:25(b).[2]  In its opinion, the Court of Appeals

---

[2] For the purposes of this appeal, we assume without deciding that Premier appropriately incorporated the subcontracts into its counterclaim when it incorporated paragraphs 3, 8, and 13 of Pinnacle's complaint into the counterclaim.  *See* Va. Sup. Ct. R. 1:4(i) ("The mention in a pleading of an accompanying exhibit, of itself and without more, makes such exhibit a part of the pleading").  However, even if the paragraphs in Pinnacle's complaint were appropriately incorporated into Premier's counterclaim, the subcontracts were still not attached to the counterclaim.  *See* Black's Law Dictionary 717 (12th ed. 2024) (defining "exhibit" as "[a] document attached to and made part of a pleading, motion, contract, or other instrument").

repeatedly referred to the subcontracts as "attached" to Premier's counterclaim. *Premier Homes Group, LLC*, 2025 Va. App. LEXIS at *9. That "attachment" was dispositive of the appeal, in its view, because the Court of Appeals proceeded to hold that Premier satisfied Rule 3:25(b) "by *attaching* the contract as the basis for claiming fees, which put Pinnacle on notice as to the basis of Premier's request for attorney fees." *Id.* (Emphasis added).

The subcontracts were not actually attached to Premier's counterclaim; they were incorporated by reference. However, even if they had been attached, that alone would be insufficient to satisfy Rule 3:25(b), because Premier's demand still fails to state a basis for a request for attorney fees. Incorporating the subcontracts into the counterclaim might have given Pinnacle some form of notice as to the basis of the attorney fees request, but that is irrelevant because, as we said before, Rule 3:25(b) is a pleading requirement, not a notice requirement.

The Court of Appeals stated that "[a] reasonable litigant would know of the attorney fees request from the counterclaim and recognize that the contract attached has only one ground for a claim of attorney fees. Therefore, there is no uncertainty as to what Premier is requesting and on what they are basing this request." *Id.* This is ultimately not the appropriate lens through which Rule 3:25(b) should be viewed. Should a reasonable litigant in Pinnacle's position have understood that the basis of Premier's request comes from Section 8(b) of the subcontracts? Perhaps. But more importantly, is compliance with Rule 3:25(b) excused simply because a reasonable litigant should have known the basis of the request, despite it not being specified in the pleadings? It is not. Compliance with the rule comes from affirmatively identifying the basis of the request in the demand. Premier did not do that, and therefore it did not comply with Rule 3:25(b), regardless of whether the subcontracts were attached to the counterclaim, or whether Pinnacle should have known the basis for Premier's request.

6

Third, Premier's reliance on our ruling in *Online Resources Corporation v. Lawlor*, 285 Va. 40 (2013), is misplaced. In *Lawlor*, the defendant corporation argued that the wrongful-termination plaintiff waived his right to attorney fees under Rule 3:25(c) because he failed to state the basis for his request in his complaint as required by Rule 3:25(b). *Id.* at 52. The trial court agreed with the defendant, and denied a motion by the plaintiff to recover attorney fees; however, the plaintiff thereafter moved to amend his complaint to plead his request with greater specificity, and the trial court granted this request. *Id.* at 52-53. The plaintiff was subsequently awarded attorney fees upon reconsideration of his previously-filed motion. *Id.* at 53. On appeal, the defendant challenged the trial court's decision to grant the plaintiff's motion to amend, and we affirmed the trial court's decision. We noted that "[t]he decision of the trial court to allow an amendment to the complaint for attorneys' fees is a determination within the sound discretion of the trial court," and held that "in the context of this case, it was not an abuse of discretion to permit recovery of attorneys' fees." *Id.* at 61-62. That context involved an admission by the defendant that it knew the basis for the request because the basis had been disclosed to it, at which point we noted that "amendment on this issue was unnecessary regarding claims for attorneys' fees." *Id.*

Premier argues that *Lawlor* stands for the proposition that where an opposing party is found to be on notice of the basis for a request for attorney fees, the requesting party need not comply with the plain language of Rule 3:25(b). Premier also argues that the context in this matter is nearly identical to that of *Lawlor*. Premier contends that its emails to Pinnacle's counsel regarding the basis of its request mirror the knowledge the defendant in *Lawlor* had about the plaintiff's request, and therefore *Lawlor* should be dispositive of this appeal. We disagree.

We reiterate, again, that Rule 3:25(b) is not a notice requirement; it is a pleading requirement. That said, we also distinguish *Lawlor* for two additional reasons. One, the defendant in that case conceded that it was aware of the basis of the request and was unsurprised by it. Here, in contrast, while Pinnacle's counsel admitted to having received the emails from Premier's counsel, Pinnacle's counsel never admitted to having any knowledge of the basis of Premier's request. Two, the defendant in *Lawlor* challenged the trial court's discretion in allowing the plaintiff to amend his complaint to plead his request for attorney fees with more specificity. Here, Premier challenges the trial court's decision to deny its request for attorney fees, not a decision to permit amendment. In fact, it is impossible for this case to come to us in the same posture as *Lawlor* because, although Premier was aware that it could have sought leave to amend its counterclaim to comply with Rule 3:25(b), it never did. Ultimately, *Lawlor* is not dispositive on this appeal, and therefore the trial court was justified in denying Premier's request for attorney fees for noncompliance with Rule 3:25(b).

### III. CONCLUSION

Because Rule 3:25(b) is a pleading requirement, Premier was required to affirmatively identify the basis for its request for attorney fees in the demand of its counterclaim. Simply incorporating the subcontracts into its counterclaim, without more, was insufficient to satisfy Rule 3:25(b), even if Pinnacle was arguably on notice of the basis. Therefore, the trial court was correct in denying Premier's request for attorney fees, and we reverse the judgment of the Court of Appeals.

*Reversed and final judgment.*